## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERREK LARKIN,                  :
   Petitioner                   :
                                :        No. 1:23-cv-00624
   v.                           :
                                :        (Judge Rambo)
WARDEN BARAZA,                   :
   Respondent                   :

### MEMORANDUM

Pending before the Court is Petitioner Derrek Larkin ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) Petitioner seeks an order directing the Federal Bureau of Prisons ("BOP") to award him earned time credits, as required under the First Step Act ("FSA") of 2018. (Id.) For the reasons set forth below, the petition will be dismissed.

## I.  BACKGROUND

Petitioner is currently serving a seventy-two (72) month term of imprisonment imposed by the United States District Court for the Southern District of New York for bank fraud and conspiracy to commit wire fraud. (Doc. No. 8-1 at 1, ¶ 3.) He entered the custody of the BOP on January 13, 2022 (id. at 5), and his projected release date, via good conduct time, is February 21, 2027 (id. at 1, ¶ 3).

On April 13, 2023, while Petitioner was incarcerated at Federal Correctional Institution Allenwood in White Deer, Pennsylvania, he commenced the above-

captioned action by filing his Section 2241 petition (Doc. No. 1) and subsequently paying the requisite filing fee (Doc. No. 5).  Petitioner contends that the BOP has improperly denied him earned time credits under the FSA when it "concluded that an inmate with a medium or high recidivism is ineligible" for application of earned time credits under the FSA.  (Doc. No. 1 at 1.)  In support, he appears to assert that the FSA requires his earned time credits to be applied to his federal sentence regardless of his recidivism level.  (Id. at 1, 8.)  As for relief, Petitioner requests that the Court enforce the FSA and order the BOP to apply his earned time credits to his federal sentence.  (Id. at 8.)

On June 16, 2023, the Court, inter alia, deemed the petition filed, directed service of the petition on Respondent, and instructed Respondent to file a response to the allegations contained in the petition within twenty (20) days.  (Doc. No. 6.)  On July 5, 2023, Respondent filed a response, arguing that the Court should dismiss the petition because Petitioner failed to exhaust his administrative remedies.  (Doc. No. 8.)  Alternatively, Respondent asserts that the petition is without merit since the BOP properly determined that Petitioner is not eligible to have his earned time credits applied to his federal sentence.  (Id.)  As reflected by the Court's docket, Petitioner has not filed a reply, and the time period for doing so has passed.  Thus, the petition is ripe for the Court's resolution.

## II.   DISCUSSION

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to the provisions of Section 2241, the United States Court of Appeals for the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000).  Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." See Moscato, 98 F.3d at 761–62 (citations omitted); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served.  See id. (citations omitted); Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished).  For example, exhaustion may be excused "where the issue presented involves only statutory construction[.]" See Vasquez v. Strada, 684 F.3d 431, 433–34 (3d Cir. 2012) (citing Bradshaw, 682 F.2d at 1052).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations.  See generally 28 C.F.R. §§ 542.10–542.19.  Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member.  See id. §§ 542.13–542.14.  If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form.  See id. § 542.15(a).  And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form.  See id.  An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels.  See id. (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the record reflects that, although Petitioner has filed a number of administrative remedies while in the custody of the BOP, only two (2) of those remedies concern his earned time credits under the FSA—i.e., Remedy ID Numbers 1122249-F1 and 1156458-F1.  (Doc. No. 8-1 at 2 ¶ 5; id. at 10–19 (containing the

"Administrative Remedy Generalized Retrieval" report for Petitioner).)[1]   More specifically, the record reflects that FCI Allenwood received Remedy ID Number 1122249-F1 on June 3, 2022.  (Id. at 2 ¶ 5; id. at 16.)  This filing was rejected for containing multiple issues and for Petitioner's failure to first attempt informal resolution.  (Id.)  Petitioner then filed Remedy ID Number 1156458-F1.  (Id. at 2 ¶ 5; id. at 19.)  FCI Allenwood received this filing on April 3, 2023, and it was denied on April 14, 2023.  (Id.)  Petitioner did not appeal that denial.  (Id. at 2 ¶ 5.)

Petitioner appears to concede that he did not exhaust his administrative remedies before filing his Section 2241 petition in this Court and, instead, argues that he should be excused from exhaustion because he is asserting a question of statutory construction that only the Court can resolve.  (Doc. No. 1 at 2, 6.)  The Court agrees with Respondent, however, that Petitioner has not demonstrated that he should be excused from exhausting his administrative remedies.  (Doc. No. 8 at 9–12.)  Although Petitioner is correct that exhaustion is not necessary where the issues presented involve only statutory construction, see Vasquez, 684 F.3d at 433–

---

[1]   "The BOP maintains a database known as the SENTRY Inmate Management System ('SENTRY')."  Torres v. Spaulding, No. 3:22-cv-01701, 2022 WL 17477084, at *2 (M.D. Pa. Dec. 6, 2022).  During "the ordinary course of business, computerized indexes of all formal administrative remedies filed by [BOP] inmates are maintained by the Institution, Regional, and Central Offices."  See id.  SENTRY, in turn, "generates a report titled 'Administrative Remedy Generalized Retrieval[,]' which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief."  See id.

34, the Court finds that Petitioner's instant claim—i.e., that he should be deemed eligible to receive earned time credits under the FSA even though he has been assessed with a high recidivism risk level (Doc. No. 1 at 2, 6; see also Doc. No. 8-1 at 2 ¶ 8; id. at 21–22)—is not a matter of purely statutory construction.

Under the FSA, an eligible inmate "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" which "shall be applied toward time in prerelease custody or supervised release." See 18 U.S.C. § 3632(d)(4)(A), (C). More specifically, the FSA allows eligible inmates to earn ten (10) days of time credits for every thirty (30) days of successful participation in evidence-based recidivism reduction ("EBRR") programming or productive activities ("PAs"). See id. § 3632(d)(4)(A)(i). Additionally, if the BOP determines that the inmate is at a minimum or low risk of recidivism and has not increased his or her risk of recidivism over two (2) consecutive assessments, then the inmate shall earn an additional five (5) days of time credit for every thirty (30) days of successful participation in EBRR programming or PAs. See id. § 3632(d)(4)(A)(ii).

In addition, under Section 3624(g) of the FSA, placement in prerelease custody requires that the inmate has been determined "to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner[.]" See id. § 3624(g)(1)(D)(i). Similarly, under Section 3624(g) of the FSA, an early transfer to

supervised release requires that the inmate has been determined "to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." See id. § 3624(g)(1)(D)(ii).  In other words, in both of these situations—i.e., placement in prelease custody or early transfer to supervised release—application of earned time credits under the FSA cannot occur until the inmate has been determined to be a minimum or low recidivism risk.  See id. § 3624(g)(1)(D)(i)–(ii); see also Camara v. Warden, FCI-Allenwood, No. 23-cv-00504, 2023 WL 4867417, at *2 (M.D. Pa. July 31, 2023) (explaining that "[t]he clear language of 18 U.S.C. § 3624(g) precludes application of time credits until [the petitioner] has lowered his recidivism risk level" to minimum or low).

However, if the inmate is unable to satisfy this requirement concerning his recidivism risk level, then he may petition the warden of the prison to be individually considered for placement in prelease custody or supervised release.  See 18 U.S.C. § 3624(g)(1)(D)(i)(II).  The warden, in turn, can approve the inmate's "petition to be transferred to prerelease custody or supervised release" upon concluding that: (1) the inmate "would not be a danger to society if transferred to prerelease custody or supervised release;" (2) the inmate "has made a good faith effort to lower [his] recidivism risk through participation in recidivism reduction programs or productive activities;" and (3) the inmate "is unlikely to recidivate[.]"  See id. § 3624(g)(1)(D)(i)(II)(aa)–(cc); see also 28 C.F.R. § 523.44(c)(2)(i)–(iii).

In other words, Section 3624(g) of the FSA authorizes the warden to deem such inmates eligible for application of earned time credits.  Ultimately, however, this involves "a <u>discretionary</u> decision by the warden as to whether to deem [Petitioner] eligible to have FSA time credits applied toward prerelease custody or supervised release despite not meeting the recidivism risk requirements established in 18 U.S.C. § 3624(g)(1)(D)(i)(I) and 28 C.F.R. § 523.44(c)(1)." <u>See Goodman v. Sage</u>, No. 22-cv-00981, 2022 WL 18028148, at *2 (M.D. Pa. Dec. 30, 2022) (emphasis added).[2]  Accordingly, Petitioner's habeas claim is not a matter of only statutory construction and, as a result, it requires administrative exhaustion.

Thus, for all of these reasons, the Court concludes that Petitioner's Section 2241 petition is subject to dismissal for failure to exhaust his administrative remedies.  <u>See</u> <u>Moscato</u>, 98 F.3d at 761–62 (explaining that exhaustion is required because, among other things, it provides "agencies the opportunity to correct their own errors[,]" thereby fostering "administrative autonomy" (citations omitted)); <u>Bradshaw</u>, 682 F.2d at 1052 (explaining that the Third Circuit has "adhered to the exhaustion doctrine for several reasons[,]" including "administrative autonomy[,

---

[2]  In any event, Petitioner has neither alleged, nor shown, that he petitioned Respondent (<u>i.e.</u>, the warden) for this specific approval or that Respondent approved such a petition. <u>See</u> (Doc. Nos. 1; 8-1 at 2, ¶ 9); <u>see also</u> 18 U.S.C. § 3624(g)(1)(D)(i)(II)(aa)–(cc).

which] requires that an agency be given an opportunity to correct its own errors"
(citations and internal quotation marks omitted)).

## III.   CONCLUSION

For all of the foregoing reasons, the Court will dismiss the instant habeas
corpus petition.  An appropriate Order follows.

Dated: November 6, 2023                    s/ Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge